Rodolpho Muñoz a/k/a.,
Rudy P Muñoz, Pro-Se
938 19th Street, Lower Ave., Space 48
Cody, Wyoming 82414-2224

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Rudy P. Muñoz, Plaintiff, | ) | CASE NO. 18-CV-13-J |
| v. | ) | |
| Charlene A. Hailey-Wright, Mother; William K. Struemke, Attorney for Mother; John G. Fenn, District Judge; Mark W. Gifford, Bar Counsel; State of Wyoming; et al. Defendants. | ) | 1983 CIVIL RIGHT COMPLAINT PURSUANT TO 42 USCS §1983 |

## A. JURISDICTION.

1) Plaintiff, Rudy P. Muñoz, the caregiver/acting (defacto) grandfather unrelated individual with an interest in the welfare of A.C.W., born November 25, 2012, son of Charlene A. Hailey-Wright, is a citizen of Wyoming and the United States of America who presently resides at 938 19th Street, Lower Ave., Space 48, Cody, Wyoming 82414-2224.

2) Defendant Charlene A. Hailey-Wright, Mother of A.C.W., is a citizen of United States of America who presently resides at 835 East 5th Street, Powell, Wyoming 82435. At the time the claim alleged in this complaint arose this defendant was acting under color of state law. Defendant denied plaintiff's right to Due Process, United States Constitution 5th and 14th and the Wyoming Constitution , Article 1, §§2, 3, 6; Article 6, §1, for the following reason denying further and future visitation rights without a hearing

that will benefit the child on September 21. 2017, in absence of adequate notice and opportunity for interested parties to be heard.

3) Defendant William K. Struemke, Attorney for Mother, is assumed to be a citizen of United States of America who presently resides at 1302 Beck Avenue, Ste. D, Cody, Wyoming 82435. At the time the claim alleged in this complaint arose this defendant was acting under color of state law. Defendant denied plaintiff's right to Due Process, United States Constitution 5th and 14th and the Wyoming Constitution , Article 1, §§2, 3, 6; Article 6, §1, for the following reason denying further and future visitation rights without a hearing that will benefit the child on September 21. 2017, in absence of adequate notice and opportunity for interested parties to be heard.

4) Defendant John G. Fenn, District Judge is the presiding judge over a guardianship case in Park County, In the Interest of A.C.W., PR 9246, is a citizen of United States of America who presently resides at 224 South Main, Ste. B11J, Sheridan, Wyoming 82801. At the time the claim alleged in this complaint arose this defendant was acting under color of state law. Defendant denied plaintiff's right to Due Process, United States Constitution 5th and 14th and the Wyoming Constitution , Article 1, §§2, 3, 6; Article 6, §1, for the following reason denying further and future visitation rights without a hearing that will benefit the child on September 21. 2017, in absence of adequate notice and opportunity for interested parties to be heard.

5) Mark W. Gifford, Bar Counsel is a citizen of United States of America who presently resides at Wyoming State Bar, P.O. Box 109, 4124 Laramie Street, Cheyenne, Wyoming 82003. At the time the claim alleged in this complaint arose this defendant was acting under color of state law. Defendant denied plaintiff's right to Due Process, United

States Constitution 5th and 14th and the Wyoming Constitution , Article 1, §§2, 3, 6; Article 6, §1, for denying further and future visitation rights without a hearing that will benefit the child on September 21. 2017 in absence of adequate notice and opportunity for interested parties to be heard.

6) Jurisdiction is invoked pursuant to 28 USCS §1343 (3); 42 USCS §1983; 42 USCS §1985 (3); Civil Rights Act 1871; 28 USCS §2201; 28 USCS 2202; Federal Rules of Civil Procedure, Rules 38, 65; 28 USCS §1651; 42 USCS §1988; 28 USCS §2254, for court's analysis as to extraordinary circumstances which might warrant federal habeas corpus. See, Zamora-Trevino v. Barton, 727 F. Supp. 589 (D. Kan. 1989).

B. NATURE OF THE CASE.

1) Charlene Wright, mother of A.C.W. and her attorney William Struemke are denying further and future visitation rights that will benefit the child on September 21. 2017, See, Exhibit A., (marked pages 1-7, Order denying Stalking Protection Order), in absence of adequate notice and opportunity for interested parties to be heard violates Rudy P. Muñoz's, (unrelated individual with an interest in the welfare of A.C.W), "Neglect" means a failure or refusal by those responsible for the child's welfare to provide adequate care, maintenance, supervision, education or medical, surgical or any other care necessary for the child's well being ***. See, Wyoming Statutes, §14-3-202(a)(vii).

C. CAUSE OF ACTION.

1) Plaintiff, Rudy P. Muñoz, alleges that the following of his constitutional rights, privileges or immunities have been violated and that the following facts form the basis for his allegations:

a) Count I: Defendants are denying Plaintiff, Rudy P. Muñoz, Equal Protection Clause and the Due Process Clause secured by the United States Constitution, Amendment 14 and the Wyoming Constitution , Article 1, §§2,3, 6; Article 6, §1.

i) Supporting facts:

Plaintiff, Rudy P. Muñoz, has STANDING OF THIRD PARTY TO REQUEST ADOPTION AND GUARDIANSHIP PROCEEDINGS/CUSTODY/TEMPORARY CUSTODY OR VISITATION RIGHTS OF ANOTHER PERSON'S CHILD. Pursuant to the Ninth and Fourteenth Amendments of the United States Constitution; Wyo. Sts. §20-5-103 (a)(i); Section 2 (1), Uniform Child Custody Jurisdiction Act. The Uniform Child Custody Jurisdiction Act defines a "Contestant" as any "person, including a parent, who claims a right to custody or visitation rights with respect to a child." Section 2(1), Uniform Child Custody Jurisdiction Act. See, Child Custody & Visitation Law and Practice, §11.06 Standing, note 5, (1995).

Wyoming Court Rules, Rule 7, See, Exhibit B, (marked pages 1-4, Letter from the Wyoming State Bar, Mark W. Gifford and Letter from District Court Judge, John G. Fenn), is unconstitutional in which it does not include Pro-Se Plaintiffs. It is in violation of the United States Constitution, Amendment 1 Congress shall make no law *** abridging the freedom *** to petition the government for a redress of grievances. Wyoming Constitution, Article 1, Section 21. the right of petition *** shall never be denied or abridged. Compare for example, Hoem v. State, 756 P.2d 780 (Wyo.1988) (§9-2-1501 et seq. is unconstitutional because it violates the equal protection clause); State ex rel. Wyo. Ass'n of Consulting Eng'rs & Land Surveyors v. Sullivan, 798 P.2d 826 (Wyo.

1990) (The Wyoming Professional Review Panel Act §9-2-1801 et seq. violates the equal protection guarantees of the Wyoming Constitution and is unconstitutional.).

Wyoming Code of Judicial Conduct, Rule 3.10. "Representing one's self in a legal proceeding does not constitute the practice of law." See, United States v. Martinez, 101 N.M. 423, 684 P.2d 509 (1984);

The Wyoming Statutes, §1-27-102 states that "the petition shall be sworn to by the person confined OR BY SOMEONE IN HIS BEHALF, and presented to a court or officer authorized to allow the writ." It may be made by a friend on behalf of the prisoner. 14 Howard's Eng. State Trails 814. n. 48. It is not necessary that the applicant sustain any legal relation to the prisoner. Blackstone Modern American Law, (1974) Part V., Habeas Corpus., Chapter II. The right of personal liberty and its limitations. §24. Who may apply for the writ. Page 20.

Wyoming Constitution, Article 1, §17, A Writ of Habeas Corpus in all restraint cases, including child-custody cases, may be filed in the Supreme Court of Wyoming although the issuance of a similar writ may have been refused by the district court. State ex rel. Klopotek v. District Court, 621 P.2d 223 (Wyo. 1980).

A strong man and a strong nation result from an intimate knowledge of and a strict insistence upon legal rights. To know and assert one's legal rights is a duty of moral self-preservation – ignorance and neglect of those rights is moral suicide. The security of the individual as well as of society lies in a wise and equitable system of law, thoroughly understood by every one and impartially administered by courts of unimpeachable integrity. To know the system of law under which we live is every citizen's paramount interest and duty, not merely that he may thereby protect his own private interests, but

also that he may be able efficiently to preserve his government and take an intelligent part in its administration and improvement. Supra., Blackstone. M.A.L, Vol.1 General Introduction (1974).

So jealous is the law of the right to personal liberty, if the one responsible for the imprisonment exceed the well-defined limits of the authority given him by the law, he will render the restraint illegal and the writ of habeas corpus will be the effectual means of relieving the victim. Supra.,Blackstone M.A.L, (1974) Part V., Habeas Corpus., Chapter II. The right of personal liberty and its limitations. §6, page 6.

Any confinement which exceeds the bounds of reason becomes unlawful and the child may be released on habeas corpus. Parents may forfeit their right to the custody of their own children by cruelty or gross immorality. In such case, the further custody by parents becomes illegal and any friend, or even an incorporated benevolent society, may sue out a writ of habeas corpus which will bring the child into court, where the forfeiture of the parents' right will be declared and proceedings may then be had for the appointment of a guardian Supra., Blackstone M.A.L., (1974) Vol. 13, Part V., Habeas Corpus., Chapter II. The right of personal liberty and its limitations. §12. Limitations incident to the relation of parent and child. Page 10.

The Judge has an obligation to make an order concerning visitation. McCarthy v. McCarthy, 21 Mass App 924, 485 NE2d 189 (1985). Supra, Child Custody, §16.02 n.14]. The present Court Order is a clear abuse of discretion as it stands.

A parent's right to be free from interference must give away to valid legislation (such as grandparent visitation statutes) Wyoming Statutes, §§20-7-101, 20-7-102 in the child's best interest. See, Simmons v. Sheridan, 98 Misc 2d 328, 414 NYS2d 83 (1989);

DeWeese v. Crawford, 520 SW2d 522 (Tex Civ App 1975)(both upholding grandparents visitation statutes. Supra, Child Custody §16.02n. 16]. Absent a showing that contact with Rudy P, Muñoz will be physically, emotionally, morally or psychologically detrimental to the child, the right of the child to visit with a noncustodial natural or legal parent will not be restricted or denied. In determining whether visitation rights between a noncustodial/ grandparent and a child should be restricted or denied, the court needs to balance the unrelated individual with an interest in the welfare of A.C.W., noncustodial or grandparent's right to access to the child against the child's right to be protected from physical and emotional harm. It is to be observed that in all cases the interest and welfare of the child is the great leading object to be attained. See, Humph. Tenn. 522(1843); Supra, Child Custody §16.01n4].

Visitation rights of a father were increased in the best interest of the children to counteract the detrimental effect to the mother's unfounded resentment towards the father. Cf., Heausler v. Heausler, 466 So2d 793 (La App 1985) Supra, Child Custody §16.02 n.24] I believe that in this case Charlie's resentment.

Denying further and future visitation rights without a hearing that will benefit the child on September 21. 2017 in absence of adequate notice and opportunity for interested party to be heard contributes to denial of Due Process, United States Constitution 5th and 14th and Wyoming Constitution , Article 1, §§2, 3, 6; Article 6, §1.

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.

1) Plaintiff has no other administrative or law suit regarding the acts complained of in Part C.

E. REQUEST FOR RELIEF.

I believe I am entitled to the following relief::

(A) A declaratory judgment pursuant to 28 USCS §§2201 and 2202, (Wyoming Statutes 1977, §§1-37-101 to 1-37-115), declaring that defendant's acts, polices and practices herein described and complained of violated plaintiff's rights under the United states Constitution and the Wyoming Constitution.

(B) A preliminary and permanent injunction pursuant to the Federal Rules of Civil Procedure, Rule 65, (W.R.C.P., Rule 65; Wyoming Statutes 1977, §§1-28-101 to 111), which:

(i) Prohibits the Defendants, their successors in office, agents, and employees and all other persons in action concert and participation with them from denying plaintiff the equal Protection Clause secured by the United States Constitution, Amendment 14, and the Wyoming Constitution , Article 1, §§2,3, 6; Article 6, §1.

(ii) Prohibit defendants, their successors in office, agents and employees and all other persons in active concert and participation with them from retaliating against plaintiff in any way.

(C) Demand for jury trial pursuant to Federal Rules of Civil Procedure, Rule 38 (a), (b).

(D) Compensatory damages for loss pain, suffering, humiliation and the consequences of deprivation or loss of rights in personal, individual, official capacity of the defendants jointly and severally in the amount as the proof may show plus taxation cost, (28 USCS §1915 (e).

(E) Punitive damages for bad faith and willful actions of the defendants in their personal, individual, official capacity in the amount the court may determine, plus taxation cost, (28 USCS §1915 (e).

(F) Award plaintiff his cost (28 USCS §1915 (e) and attorney fees, 42 USCS §1988), that attorney be appointed (28 USCS §1915 (d) and such other and further relief that the court deems to be appropriate and just (28 USCS §1615).

DECLARATION UNDER PENALTY OF PERJURY.

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he read the above complaint and that the information contained therein is true and correct. 28 USCS §1746, 18 USCS §1621.

Executed at Cody, Wyo. on Jan. 18, 2018.

Rudy P. Munoz, Pro-Se.

ANNE L. CLARK NOTARY PUBLIC
COUNTY OF PARK STATE OF WYOMING
MY COMMISSION EXPIRES JUNE 23, 2018

Exps. June 23, 2018

A parent's right to be free from interference must give away to valid legislation (such as grandparent visitation statutes) Wyoming Statutes, §§20-7-101, 20-7-102 in the child's best interest see, Simmons v. Sheridan, 98 Misc 2d 328, 414 NYS2d 83 (1989); DeWeese v. Crawford, 520 SW2d 522 (Tex Civ App 1975)(both upholding grandparents visitation statutes.

I, Rudy P. Munoz claim a right to custody or visitation rights with respect to A.C.W. pursuant to **Wyo. Sts. §20-5-103 (a)(i)**; **Section 2(1), Uniform Child Custody Jurisdiction Act**. The **Uniform Child Custody Jurisdiction Act** defines a "Contestant" as any "person, including a parent, who claims a right to custody or visitation rights with respect to a child." **Section 2(1), Uniform Child Custody Jurisdiction Act**; **Child Custody §11.06 Standing. Note 5**; **Wyo. Sts. §20-5-103 (a)(i)**.

This is what I, Rudy, read to the Judge and Charlene in Court Dec. 11, 2017 as my authority for visitation rights.

Rudy P. Munoz

pg.-1- Exhibit -A-

FILED
DEC 08 2017
CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
ASHLEY RIES, CLERK
By DANIELLE GARRISON Deputy

STATE OF WYOMING )
) SS; IN THE CIRCUIT COURT
COUNTY OF PARK )

CHARLENE ALICE R. HAILEY, )
Petitioner, )
vs. ) ST-2017-22-COD
)
Rudy Munoz )
Respondent. )

RESPONDENT'S RESPONSE

Charlene brought A.C.W. to Cody from Powell on December 7, 2017 so Myself and Tami, A.C.W"'s grandmother, could take him to lunch if we gave Charlene A.C.W.'s presents we got for him for his birthday. I refused. I do not want her losing his toys like she lost his batman toy when she took him to her friends school play. He had it with him when she took him to the play I was there when she left with him and the toy. Before that he lost his transformer, optimist prime toy, when he was with Charlene so Tami bought him another. Charlene wanted A.C.W's birthday present that I had got for him only not for Charlene or other children it is for him to play with when he visits his grand parents. So Charlene is denying any visitation or contact with him from us especially Rudy Munoz unless we comply with her wishes. I do believe that neglect of a child's emotional needs and health care are circumstances which render it necessary for Rudy Munoz to get involved in A.C.W's present and future care.

A person commits **perjury** if, while under a lawful administered oath or affirmation, he (or she) knowingly testifies falsely or makes a false affidavit, certificate, declaration, deposition or statement, in a judicial, legislative or administrative proceeding in which an oath or affirmation may be required by law, touching a matter material to a point in question. **SEE, W.S. 6-5-301**.

Respectfully submitted:
Rudy Munoz, Pro-Se.
P.O. Box 2224
Cody, Wyoming 82414-2224

CERTIFICATE OF SERVICE.

I, Rudy Munoz, Pro-Se., hereby certify that I have served a true and correct copy of the foregoing RESPONDENT'S RESPONSE upon the Clerk of Circuit Court, Cody Wyoming through hand delivery by Rudy Munoz, 938 19th Street, Space 48, Cody Wyoming 82414-2224, on December 8, 2017.

Rudy Munoz, Pro-Se.

ANNE L. CLARK NOTARY PUBLIC
COUNTY OF PARK STATE OF WYOMING
MY COMMISSION EXPIRES JUNE 23, 2018

FILED

DEC 11 2017

CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT

Clerk

Circuit Court of the Fifth Judicial District, County of Park, State of Wyoming

Cody: Park County Courthouse, 1002 Sheridan, Cody, WY 82414 (307) 527-8590
Powell: Park County Annex, 109 West 14th Street, Powell, WY 82435 (307) 754-8890

Name: CHARLENE A HAILEY-WRIGHT

*Petitioner,*

vs. ST-2017-22-COD

Name: RUDY MUNOZ

*Respondent.*

## ORDER DENYING STALKING PROTECTION ORDER

A hearing in this case was held on DECEMBER 11TH, 2017. After hearing the testimony and evidence presented, the Court finds that the Petition for an Order of Protection should be denied for the reason that the Court finds insufficient evidence that an act of stalking has occurred.

If an Ex Parte Order was entered, it is vacated.

**IT IS SO ORDERED.**

DATED this 11 day of December, 2017.

JUDGE OR MAGISTRATE

## DISTRIBUTION

_____ Petitioner
_____ Petitioner's Attorney
_____ Respondent
_____ Respondent's Attorney
_____ Sheriff's Office
_____ Police Department
_____ Victim-Witness Coordinator
_____ ____________________

Circuit Court of the Fifth Judicial District,
County of Park, State of Wyoming

Cody: Park County Courthouse, 1002 Sheridan, Cody, WY 82414 (307) 527-8590
Powell: Park County Annex, 109 West 14th Street, Powell, WY 82435 (307) 754-8890

FILED
DEC 07 2017
CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
ASHLEY RIBS, CLERK
By ______ Deputy

Name: CHARLENE A HAILEY-WRIGHT
*Petitioner,*

vs.

ST-2017-22-COD

Name: RUDY MUNOZ
*Respondent.*

## ORDER TO APPEAR
## (Notice of Petition for Stalking Protection Order)

TO THE ABOVE-NAMED RESPONDENT:

YOU ARE notified that a petition has been filed in this Court seeking a Stalking Protection Order. A copy of the Petition together with a copy of the Ex Parte Temporary Order of Protection, if entered, are attached to this Order are now served upon you. You are further notified that a hearing concerning this petition will be held on the 11TH day of DECEMBER, 2017, at 8:30 am/pm at the

X Circuit Courtroom, Park County Courthouse, Cody, Wyoming
____ Circuit Courtroom, Park County Annex, Powell, Wyoming

before a Judge or Magistrate of the Court.

FURTHERMORE, you are ordered to obey all terms of any attached Order.

**YOU ARE ORDERED TO APPEAR AT THIS HEARING. YOUR FAILURE TO COMPLY WITH THE TEMPORARY EX PARTE ORDER OF PROTECTION, IF ENTERED, MAY RESULT IN YOUR IMMEDIATE ARREST.**

**DATED:** 12/7/17

CIRCUIT COURT OF THE FIFTH JUDICIAL DISTRICT • PARK COUNTY • STATE OF WYOMING

**BY THE COURT:**

[signature]
**JUDGE – MAGISTRATE - COMMISSIONER -CLERK**

**RESPONDENT'S PERSONAL INFORMATION IS ON THE NEXT PAGE**

pg. 4-

FILED

Circuit Court of the Fifth Judicial District,
County of Park, State of Wyoming

DEC 07 2017

Cody: Park County Courthouse, 1002 Sheridan, Cody, WY 82414 (307) 527-8590
Powell: Park County Annex, 109 West 14th Street, Powell, WY 82435 (307)

CIRCUIT COURT OF FIFTH JUDICIAL DISTRICT
PARK COUNTY, WYOMING
ASHLEY RIES, CLERK

By [signature] Deputy

Name: Charlene Hailey-Wright
*Petitioner,*

vs.

ST-2017-22-COD

Name: Rudy Munoz
*Respondent.*

## PETITION FOR STALKING PROTECTION ORDER
UNDER W.S. 7-3-507 ET. SEQ.

I request this Court order the Respondent to stop stalking me and any other person named in paragraph 4 below. In support of this petition, I state as follows:

1. I need an order of protection because the Respondent did the following acts with the intent to harass me (describe your relationship to the Respondent, and the series of acts, using specific dates, that you believe is stalking):

please see attached sheet

(Attach additional pages if needed.)

**I request this Court order (please check appropriate paragraphs below):**

2. I want an *ex parte* Temporary Order of Protection because I believe an immediate danger exists that stalking will continue.

3. I request the Court order the Respondent to stay away from the following locations:

☑ Home 285 S. Division St. Powell Wy 82435

☐ *Check here if the Petitioner is requesting the Court to order the address of the Petitioner be kept confidential.*

☑ School Head Start - Powell

☐ Business

☐ Place of employment

☐ Other location (describe)

12/07/2017 THU 16:33 FAX →→→ Shoreline Wat With ☑003/007

4. I request the Court order the Respondent not to contact me in any way. I also request the Court order the Respondent not to contact the following people (state their relationship to you and the reason why these individuals need protection): Amanda & Matthew Phelps - Family - Roomates Robert Blank - Friend

5. I request the following additional relief: N/A

6. Respondent's personal information (put as much information as you know):

Other names used by Respondent ______

Home Address 938 19th St. #48 Cody WY

Mailing Address (if different) ______

Employment Address —

Date of Birth ______ Gender Male Race Hispanic

Age 60's Height 5'11" Weight 180-200 Glasses yes

Hair Color grey Eye Color brown Facial Hair yes

Scars, Tattoos, Other Markings tattoos - arm

Respondent's Vehicle Make Ch Year ______ Model Van

Color White State Licensed WY License Number ______

Firearms owned or ammunition in possession of Respondent NO

Dated this 7 day of December, 2017.

Charlene Wright-Hailey
Petitioner

State of Wyoming
County of Park

Subscribed and sworn to before me this 7th day of December, 2017, by Charlene Wright Hailey

Ashley M Rios
Notary Public/Court Clerk

My commission expires:

______

Rudy Munoz is the significant other to my my mother in law and we have known eachother for 3+ years. He has been privy to my recently settled a court case involving my son, A.C.Wright 6 months ago at which time I was awarded full custody.

Two years ago I was physically assaulted by Tami Bronneberg while sitting in the driver seat of my car in my driveway. She punched me repeatedly and I was unable to stop the attack. During this incident, her significant other, Rudy Munoz was standing behind my car making it impossible for me to get out of the situation. He was screaming and cursing and slamming his hands down on my vehicle. I noticed a neighbor not far away and started screaming for help. Amanda Philips came down the road at which time the incident stopped and I was able to get out of the car. Cops were called and they defused the situation at which time I left and Tami went home. This incident terrifies me still to this day.

Rudy Munoz took me to court to stop me from entering the Trailer Court where he and Tami reside claiming that I ran him over during the altercation mentioned above, but the judge ruled that wasnt the case and it was denied.

On November 30, 2017 my son and I attended a holiday event at the local museum. Due to new court paperwork filed by Tami Bronneberg at the end of September, I offered for Tami and Rudy to come enjoy the event with my son in hopes that they wouldnt feel excluded. At the event, Tami Bronnenberg proceeded to take photos of myself and individuals I was with on her mobile device. I requested that she stop and remove the photos as she did not have my permission and she refused. This resulted in a heated argument, where Tami proceeded to grab my son from me and I had to yell for her to let him go. This resulted in Tami and Rudy leaving the event.

On December 7, 2017 I agreed to allow Tami and Rudy to have Ayden for 1 hour to have lunch and it was arranged that Aydens belogings would be brought to me. When we arrived Tami took Ayden from me and refused to give me his belongings. She threatened that she was not giving my son A.C.Wright back to me. I grabbed my son and started putting him in the vehicle when Rudy charged at me slamming the door on me while I was loading my son back into my vehicle. At this point, Rudy Munoz started threatening me that he was going to "beat my ass" and again charged at me like he was going to attack me. Law emforcement was contacted, a report was taken and I was advised to consider a protection order to prevent further harrassment and incidents.

I whole heartedly feel I need this injunction because given the situation regarding my son A.C.Wright and the change in custody, I fear that as time progresses that Rudy Munoz and Tami Bronneberg will follow through with the threats that have been made, causing harm to me and potentially my son.



# OFFICE OF BAR COUNSEL

June 5, 2015

MARK W. GIFFORD
Bar Counsel
mgifford@wyobc.org

SHANNON HOWSHAR
Assistant to Bar Counsel
showshar@wyobc.org

Rudy Munoz
P.O. Box 2224
Cody, WY 82414

RE: Unauthorized Practice of Law

Dear Mr. Munoz:

Allegations were filed with the Office of Bar Counsel that you are engaging in the unauthorized practice of law in the State of Wyoming. I have on this date opened a file regarding the complaint against you. I have reviewed several documents that were provided to our office by both Judge Cranfill of the Fifth Judicial District and Judge Fenn of the Fourth Judicial District.

On September 19, 2014 you filed in the District Court, Fifth Judicial District, Park County, Wyoming the following pleadings on behalf of Tami Bronnenberg:

1. *Petition for Habeas Corpus* (Docket No. 27810)
2. *Memorandum in Support of Habea Corpus.* (Docket No. 27810)

On October 29, 2014 you filed in District Court, Fifth Judicial District, Park County, Wyoming the following pleadings on behalf of Kristofer M. Wright:

1. *Motion* (Docket No. 27810)
2. *Motion for Declaratory Judgment* (Docket No. 27810)
3. *Motion Requesting the District Court to Certify the Issues to the Wyoming Supreme Court* (Docket No. 27810)

Your notarized signature appears on behalf of Mr. Wright in Probate No. 9246 on a *Memorandum in Objection and Response to Dawn R. Scott – WSB#6-4008* dated April 21, 2015. Although the pleading was not filed with the Clerk of Court, we understand that it was mailed to the Court for consideration.

Wyoming Court Rules, Rule 7(b) defines the practice of law as "providing any legal service for any other person, firm or corporation, with or without compensation, or providing professional legal advice or services where there is a client relationship of trust or reliance, including appearing as an advocate in a representative capacity; drafting pleadings or other documents; or performing any act in a representative capacity in connection with a prospective or pending proceeding before any tribunal".

WYOMING STATE BAR
P.O. Box 109
4124 Laramie Street
Cheyenne, WY 82003
307.432.2104
Fax: 307.632.3737
www.wyomingbar.org

Your signing of five pleadings filed in court, and the advice and counsel which gave rise to these acts, clearly places you within the practice of law, for which you are not authorized. Therefore, you are ordered to immediately and permanently cease and desist from practicing law on behalf of Mr. Wright, Ms. Bronnenberg or any other individual. If you do not comply with this demand, we will seek contempt proceedings against you in the District Court in Park County, injunctive relief or any other remedies available to secure compliance with this directive.

Very truly yours,

Mark W. Gifford
Bar Counsel

MWG/sh
Enclosure
cc: Judge John G.Fenn
Judge Steven Cranfill

# THE STATE OF WYOMING
# FOURTH JUDICIAL DISTRICT

John G. Fenn
District Judge

Sheridan County Courthouse
224 S. Main, Ste. B11J
Sheridan, Wyoming 82801
(307) 674-4478

April 29, 2015

Mark Gifford
Wyoming State Bar
P.O. Box 109
Cheyenne, Wyoming 82003

Re: Potential Incident of Unauthorized Practice of Law

Dear Mr. Gifford:

I am presiding over a guardianship case in Park County, *In the Interest of A.C.W.*, PR 9246. Mr. Rudy Munoz is the significant other of the paternal grandmother of the ward, Ms. Tami Bronnenberg. Mr. Munoz is not a party to the guardianship action, nor is he an attorney licensed to practice law in Wyoming. In October of 2014, Mr. Munoz filed a series of pleadings both in PR 9246 and a related case, *Munoz v. McGrady et al*, CV 27810. These pleadings were filed purportedly on behalf of the minor child and Ms. Bronnenberg. He has recently filed additional pleadings purportedly on his own behalf and the behalf of the ward's father, Kristopher Wright. These pleadings have been attached to this letter for your review. I am reporting this incident to you, because Mr. Munoz's conduct may constitute unauthorized practice of law. Despite being warned by the Court that his conduct was improper, Mr. Munoz continues to file improper pleadings. I am referring this matter to you for an investigation pursuant to the Rules of Procedure Governing Unauthorized Practice of Law.

Sincerely,

John G. Fenn
District Court Judge

Enclosures:
Petition for Habeas Corpus
Memorandum in Support of Habeas Corpus
Motion to Show Cause
October 29, 2014 Motion
Motion for Declaratory Judgment

pg: 3 -

Motion Requesting the District Court to Certify the Issues to the Wyoming Supreme Court
April 20, 2015 Letter
Memorandum in Objection and Response to Dawn R. Scott – WSB#6-4008