Weston W. Reeves, 4-1120
Anna Reeves Olson, 6-3692
Park Street Law Office
242 So. Park Street
Casper, WY 82601
(307) 265-3843
(307) 235-0243 *facsimile*
wwr@parkstreetlaw.com
aro@parkstreetlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Rudy P. Muñoz, | ) | |
| | ) | Docket No. 18-CV-13-J |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Charlene A. Hailey-Wright, Mother; | ) | |
| William K. Struemke, Attorney for Mother; | ) | |
| John G. Fenn, District Judge; | ) | |
| Mark W. Gifford, Bar Counsel; | ) | |
| State of Wyoming; et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT MARK W. GIFFORD'S MEMORANDUM OF LAW IN SUPPORT OF
## HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Mark W. Gifford, by and through his counsel, PARK STREET LAW OFFICE, and pursuant to

F.R.C.P. 12(b)(6), move this Court for an order dismissing Plaintiff's *Complaint* with prejudice.

### I.   INTRODUCTION

In March 2017, Plaintiff Rudy Muñoz ("Mr. Muñoz"), proceeding *pro se*, filed this 42

U.S.C. § 1983 action against, *inter alia,* Wyoming State Bar Counsel, Mark Gifford ("Mr.

Gifford").  *See generally Complaint.*  Mr. Muñoz alleges that Mr. Gifford deprived him of his

constitutional right to due process when Mr. Gifford sent a "cease and desist" letter to Mr.

Muñoz, which informed him that he needed to discontinue engaging in the unauthorized practice of law. *See Complaint* at pp. 18-19.   However, as set forth below, Mr. Muñoz has not stated a plausible claim for relief under 42 U.S. C. § 1983 because Mr. Gifford is immune from suit and Mr. Muñoz does not have a protected property interest in the unauthorized practice of law. Accordingly, this Court should dismiss Mr. Muñoz's claims against Mr. Gifford with prejudice.

## II. BACKGROUND

1. WYOMING STATE BAR COUNSEL MARK GIFFORD

The Wyoming State Bar is an administrative agency of the Wyoming Supreme Court. *See* W.S. § 5-2-118; Wyoming State Bar & Authorized Practice of Law, Rule 1.   The Bar was organized primarily for the purpose of regulating the admission of prospective attorneys to the Bar and for the discipline of existing attorneys. *Id.* ''Bar Counsel'' is a member of the Wyoming State Bar, who is employed by the Bar to perform duties related to the discipline of Wyoming attorneys and the regulation of those individuals who attempt to practice law without a law license, *i.e.,* "the unauthorized practice of law." *See* WYO. RULES OF DISCIPLINARY PROCEDURE 2(b); WYO. RULES OF PROCEDURE GOVERNING THE UNAUTHORIZED PRACTICE OF LAW 4 & 2 ("[o]nly those persons authorized to practice law by the Supreme Court may engage in the practice of law in Wyoming or in any manner hold himself or herself out as authorized or competent to practice law in Wyoming."); WYO. STAT. § 33-5-117 ("It shall be unlawful, and punishable as contempt of court, for any person not a member of the Wyoming state bar to hold himself out or advertise by whatsoever means as an attorney or counselor-at-law.").

When investigating unauthorized practice of law claims, Mr. Gifford has the authority to "issue a cease and desist letter in those instances where in [his judgment] such action will suffice

to bring an end to conduct potentially constituting the unauthorized practice of law." *See* Wyo. Rules of Procedure Governing the Unauthorized Practice of Law 4(b).

The Wyoming Supreme Court has granted Mr. Gifford immunity for his work related to the unauthorized practice of law. Specifically, ". . . Bar Counsel, . . . , and any other agents of the [Unauthorized Practice of Law] Committee shall be immune from suit as provided by statute or common law for all conduct in the course of their official duties." *See* Wyo. Rules of Procedure Governing the Unauthorized Practice of Law 10(a).

2.   Summary of Mr. Muñoz's Allegations

Plaintiff sets forth the following allegations and background in his *Complaint*:

1.   Plaintiff, Rudy P. Muñoz is the "significant other" of Tami Bronnenberg ("Ms. Bronnenberg"). *See Complaint* at p. 19 (Letter from Judge John Fenn to Mark Gifford).

2.   Ms. Bronnenberg is the paternal grandmother of A.C.W., a minor born on November 25, 2012. *Id.* at p. 19 and ¶1.

3.   As Mr. Muñoz is Ms. Bronnenberg's "significant other," he refers to himself as the "defacto" [sic] grandfather of A.C.W. *Id.* at ¶1.

4.   In April 2015, a guardianship case regarding A.C.W. was pending in Park County, under Judge, John F. Fenn. *Id.* at p. 19. The case was entitled *In the Interest of A.C.W.*, PR 9246.

5.   Although Mr. Muñoz was not a party to the guardianship action and was not an attorney, he proceeded to represent both A.C.W. and Ms. Bronnenberg in the guardianship action by filing numerous pleadings on their behalf. *Id.*

6.   Judge Fenn was concerned that Mr. Muñoz was engaging in the unauthorized practice of law and consequently, he reported Mr. Muñoz's behavior to Mark Gifford, Wyoming

State Bar Counsel.  *Id.*

7.  On June 5, 2015, Mr. Gifford sent a letter to Mr. Muñoz and informed him that:

> Your signing of five pleadings filed in court, and the advice and counsel which gave rise to these acts, clearly places you within the practice of law, for which you are not authorized.   Therefore, you are ordered to immediately and permanently cease and desist from practicing law of behalf of . . . Ms. Bronnenberg or any other individual.  If you do not comply with this demand, we will seek contempt proceedings against you in the District Court in Park County, injunctive relief or any other remedies available to secure compliance with this directive.

*Id.* at pp. 17-18.

8.  Mr. Muñoz claims that when Mr. Gifford sent his June 5, 2015 letter he was "acting under color of state law," and consequently denied Mr. Muñoz his right to "Due Process" by "denying further and future visitation rights without a hearing that will benefit the child . . . in absence of adequate notice and opportunity for interested parties to be heard. *Id.* at ¶5.

9.  Mr. Muñoz also claims that Mr. Gifford's letter is "unconstitutional" because it precludes *pro se* plaintiffs from representing themselves, *id.* at p. 4, i), and because "representing one's self in a legal proceeding does not constitute the practice of law, *id.* at p. 5.

10.  For his relief, Mr. Muñoz seeks declaratory and injunctive relief along with compensatory damages for pain suffering and humiliation.  *Id.* at p. 8.

### III.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Mere conclusory statements in a complaint --

such as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"
-- are neither sufficient to state a claim nor entitled to a presumption of truth.  *Id.* (quoting
*Twombly*, 550 U.S. at 555). And legitimate, non-conclusory factual allegations, to satisfy the
plausibility requirement, must "allow the court to draw the reasonable inference" -- not simply a
"speculative" one -- "that the defendant is liable for the misconduct that is alleged." *Ashcroft*,
129 S. Ct. at 1940.

## IV.    ARGUMENT

A.    MR. MUÑOZ'S COMPLAINT MUST BE DISMISSED PURSUANT TO F.R.C.P. 12(B)(6),
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE:

1.    MR. MUÑOZ'S CLAIMS AGAINST MR. GIFFORD ARE BARRED BY ABSOLUTE
QUASI-JUDICIAL IMMUNITY.

Mr. Muñoz alleges that Mr. Gifford violated his constitutional rights while Mr. Gifford
was performing his official duties as Bar Counsel for the Unauthorized Practice of Law
Committee.  *See Complaint* at pp. 2, 4 and 18 (Letter from Mr. Gifford).  However, "State
officials performing prosecutorial functions -- including their decisions to initiate administrative
proceedings aimed at legal sanctions -- are entitled to absolute immunity."  *Wang v. N.H. Bd. of
Registration in Med.*, 55 F.3d 698, 701 (1st Cir. 1995).

This quasi-judicial absolute immunity extends to bar counsel.  *See, e.g., Neroni v.
Coccoma,* 2014 WL 2532482, at *9 (N.D.N.Y. June 5, 2014) (quoting *Koziol v. Peters,* 2012 WL
4854589, at *8 (N.D.N.Y. Oct. 11, 2012) (finding that claims against committee on professional
standards attorneys for acts performed as part of official duties were barred by the doctrine of
quasi-judicial immunity)); *Aretakis v. Comm. on Prof'l Standards,* 2009 WL 2229578, at *3
(S.D.N.Y.   July 27, 2009); *Moncier v. Jones,* 557 F. App'x 407, 409-10 (6th Cir. 2014)
(disciplinary counsel for the Tennessee Board of Professional Responsibility was absolutely

immune from suit for damages where conduct that allegedly violated the plaintiff's constitutional rights occurred while counsel was performing her official duties); *Pak v. Ridgell,* 476 F. App'x 750 (4th Cir. 2012) (per curiam) (holding "that the district court properly found [assistant bar counsel for the Attorney Grievance Commission of Maryland] was immune from suit for her participation in Pak's disciplinary proceedings"); *Hirsh v. Justices of the Sup. Ct. of the State of Cal.,* 67 F.3d 708, 715 (9th Cir. 1995) (granting bar counsel absolute quasi-judicial immunity); *Simons v. Bellinger,* 643 F.2d 774 (D.C. Cir. 1980) (granting absolute immunity to members of the Committee on Unauthorized Practice of Law, who investigate violations, determine who is prosecuted, and directs the prosecution); *McQueen v. Brown,* 2011 WL 855128, at *1 (S.D. Ohio Mar. 9, 2011) (assistant disciplinary counsel was entitled to absolute quasi-judicial immunity from claims under § 1983 for actions performed in the course of her official duties).

At all times relevant to this case, when Mr. Gifford sent the cease and desist letter to Mr. Muñoz, he was acting in his position as Wyoming State Bar Counsel and under the authority given to him by Rule 4(b), WYO. RULES OF PROCEDURE GOVERNING THE UNAUTHORIZED PRACTICE OF LAW.  Accordingly, Mr. Gifford is entitled to immunity pursuant WYO. RULES OF PROCEDURE GOVERNING THE UNAUTHORIZED PRACTICE OF LAW 10(a) and to absolute, quasi-judicial immunity as set forth above.  As such, Mr. Muñoz's claims against Mr. Gifford must be dismissed with prejudice.

2.    MR. MUÑOZ'S CLAIMS ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY.

In addition to Mr. Gifford's absolute, quasi-judicial immunity, he is also entitled to qualified immunity.  In the context of a § 1983 claim, qualified immunity shields an officer from liability and the burdens of litigation "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right and (2) that the right was clearly established at the time

of the challenged conduct." *Wood v. Moss*, 134 S.Ct. 2056, 2066-67 (2014) (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 207 4, 2077 (2011)).  A plaintiff must succeed on both elements in order to defeat a defendant's claim to qualified immunity.  *Reeves v. Churchich*, 484 F.3d 1244, 1250 (10th Cir. 2007).

"The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right.  In other words, the existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012).  A right is sufficiently clear if there is a "Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts [] have found the law to be as the plaintiff maintains." *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010).  The plaintiff has the burden of identifying controlling Tenth Circuit or U.S. Supreme Court precedent on point.  *Green v. Post*, 574 F.3d 1294, 1300 (10th Cir. 2009).

Here, Mr. Muñoz fails to show that either element of the qualified immunity analysis has been satisfied.  First, he fails to establish a violation of any constitutional right.  Although Mr. Muñoz claims that Mr. Gifford's cease and desist letter violated his right to "Due Process," that does not state a cognizable claim because Mr. Muñoz has also not alleged that he has been deprived of a property interest protected by the Due Process Clause.  It appears that Mr. Munoz simply wants to practice law without a law license, but that is not a protected property right. Thus, Mr. Muñoz cannot show that any action taken by Mr. Gifford amounts to a violation of his constitutional rights.  For this reason alone, Mr. Gifford is entitled to qualified immunity.

Second, even if Mr. Muñoz could establish the violation of a constitutional right --
which he cannot -- he still cannot establish that right was clearly established in light of the
specific context of the case.  Mr. Muñoz offers nothing to establish that it would be clear to a
reasonable person in the position of Bar Counsel that the issuance of a cease and desist letter,
done in good faith and in accordance with the governing Wyoming Supreme Court Rules, was
unlawful.  As there exists no clearly established precedent or other authority that could have put
Mr. Gifford on notice that the mailing of a cease and desist letter to someone engaging in the
unauthorized practice of law was objectively unreasonable or would violate any person's due
process rights, Mr. Gifford is entitled to qualified immunity and the Court should dismiss with
prejudice the § 1983 claim him.

3.   MR. MUÑOZ HAS NOT STATED A CLAIM FOR INJUNCTIVE RELIEF.

Mr. Muñoz also requests injunctive relief.  *See Complaint* at p. 8, §(B).  However, a
preliminary injunction is an extraordinary remedy that is granted as the exception rather than the
rule.  To obtain a preliminary injunction, the moving party must show: (1) a substantial
likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction
issues; (3) proof that the threatened injury to the movant outweighs whatever damage the
proposed injunction may cause the opposing party; and (4) a showing that the injunction, if
issued, would not be adverse to the public interest. *Greater Yellowstone Coalition v.
Flowers,* 321 F.3d 1250, 1255 (10th Cir. 2003).

In this case, other than making conclusory allegations that Mr. Gifford violated his
constitutional rights by sending a cease and desist letter, Mr. Muñoz has not offered any
argument or evidence that he is substantially likely to succeed on his claim.  Mr. Muñoz has also

failed to plead that the injunction, if issued, would not be adverse to the public interest. Therefore, it is respectfully requested that this Court deny Mr. Muñoz's request for an injunction.

## V.   CONCLUSION

Even accepting the facts in a light most favorable to Plaintiff, the claims against Mr. Gifford are barred as a matter of law and must be dismissed with prejudice.

DATED this 29th day of March 2018.

/s *Anna Reeves Olson*
W.W. Reeves, #4-1120
Anna Reeves Olson, #6-3692
PARK STREET LAW OFFICE
242 So. Park Street
Casper, Wyoming 82601
(307) 265-3843
(307) 235-0243 *facsimile*

*Attorneys for Defendant Gifford*

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned does certify that a true and correct copy of the foregoing was correctly addressed and served in the following manner on this 29th day of March 2018.

Rudy P. Muñoz, *pro se*
P.O. Box 2224
938 19th Street, Lower Ave., Space 48
Cody, Wyoming 82414-2224

☒ E-Filing
☒ USPS
☐ Overnight
☐ Facsimile
☐ Email

/s *Anna Reeves Olson*
Anna Reeves Olson