IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

RUDY P MUNOZ,
    Plaintiff,

v.

CHARLENE A. HAILEY-WRIGHT, Mother;
WILLIAM K. STRUEMKE, Attorney for Mother;
JUDGE G. FENN, District Judge;
MARK W. GIFFORD, Bar Counsel;
STATE OF WYOMING; et al.
    Defendants.

Docket No. 18-CV-13-J

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

    **COMES NOW** Defendant William K. Struemke, acting Pro Se, and hereby files this Memorandum of Law in support of his Motion to Dismiss the above captioned matter. In support of said motion Defendant Struemke presents the following:

In January of 2018, Plaintiff Rudy Muñoz ("Mr. Muñoz"), proceeding *pro se*, filed this 42 U.S.C. § 1983 action against, the above captioned defendants. While it is difficult to ascertain what actual claim Mr. Munoz has against Defendant Struemke, it would seem that he is generally upset that Defendant Struemke represented Defendant Wright in her multiple state actions. It should be noted that Defendant Struemke never once represented Mr. Munoz in any capacity. Further, it should be noted that Defendant Struemke has only once stood as counsel directly against Mr. Munoz in any court hearings. The one time that this occurred was as attorney for Defendant Wright in a protection hearing December 2017 in Park County Wyoming. Defendant Struemke is a licensed attorney within the State of Wyoming, practicing primarily in Park County as such.

Mr. Muñoz has not stated a plausible claim for relief under 42 U.S.C. § 1983 because Mr. Muñoz does not have a protected property interest in a child that does not have, nor has ever had, any relation to him. Accordingly, this Court should dismiss Mr. Muñoz's claims against Defendant Struemke with prejudice.

HISTORY

Plaintiff sets forth the following allegations and background in his *Complaint*:

1. Plaintiff, Rudy P. Muñoz is the "significant other" of Tami Bronnenberg ("Ms. Bronnenberg"). *See Complaint* at p. 19. In Park County District Court, and Elsewhere, Mr Munoz has never claimed to be anything more. There is no Marriage between Mr. Munoz and Ms. Bronnenberg; they keep separate residences; separate food supplies; separate vehicles; and separate bank accounts. Mr. Munoz has never had guardianship over the minor child ACW.

2. As Mr. Muñoz is Ms. Bronnenberg's "significant other," he refers to himself as the "defacto" [sic] grandfather of A.C.W. *Id.* at ¶1.

3. Ms. Bronnenberg is the paternal grandmother of A.C.W., a minor born on November 25, 2012. *Id.* at p. 19 and ¶1. In April 2015, a guardianship case regarding A.C.W. was pending in Park County, under Judge, John F. Fenn. *Id.* at p. 19. The case was entitled *In the Interest of A.C.W.*, PR 9246.

4. For his relief, Mr. Muñoz seeks declaratory and injunctive relief along with compensatory damages for pain suffering and humiliation. *Id.* at p. 8.

5. During the Pendency of the Juvenile matter, Defendant Wright hired Defendant Struemke as her attorney. Further, Defendant Struemke represented defendant Wright in subsequent hearings before the court. Notably for an action for a stalking protection order.

STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint such as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" -- are neither sufficient to state a claim nor entitled to a presumption of truth. *Id.* (quoting *Twombly*, 550 U.S. at 555). And legitimate, non-conclusory factual allegations, to satisfy the plausibility requirement, must "allow the court to draw the reasonable inference" -- not simply a

"speculative" one -- "that the defendant is liable for the misconduct that is alleged." *Ashcroft*, 129 S. Ct. at 1940.

ARGUMENT

Mr. Munoz's complaint should be dismissed pursuant to FRCP 12(B)(6), for failure to state a claim due to a number of reasons. First, many of Mr. Munoz requests are outside of the power of this defendant to provide him, through order of the Court. When reviewing the relief that Mr. Munoz requests he asks for:

A. A declaratory judgement... declaring the defendants acts, policies, and practices herein described and complained of violated plaintiffs rights under the United States Constitution and the Wyoming Constitution.

B. A preliminary and permanent injunction pursuant to the Federal Rules of Civil Procedure which

   (i) Prohibits the Defendants, their successors in office, agents and employees and all other persons in action concert and participation with them from denying plaintiff the equal protection clause secured by the United Sttes Constitution

   (ii) Prohibits the Defendants, their successors in office, agents and employees and all other persons in action concert and participation with them from retaliating again plaintiff in any way.

C. Demand for jury trial pursuant to Federal Rules of Civil Procedure

D. Compensatory damages for loss pain, suffering, humiliation and the consequences of deprivation or loss of rights in personal individual official capacity of the defendants jointly and severally in the amount as the proof may show plus taxation cost.

E. Punitive damages for bad faith and willful actions of the defendants in their personal individual official capacity in the amount the court may determine plus taxation cost.

F. Award plaintiff his cost and attorney fees that attorney be appointed and such other and further relief that the court deems to be appropriate and just.

As a Wyoming attorney, I cannot provide Mr. Munoz with jury trials or single handedly ensure that he is afforded his equal protection under the US or Wyoming Constitution. In the end, out of

the listed requests by Mr. Munoz, the only thing this defendant can be held accountable to is punitive damages. However, based off of what Mr. Munoz is alleging, even punitive damages would not be appropriate.

Attorneys are absolutely immune from civil liability for statements or conduct that may have injured, offended, or otherwise damaged an opposing party during the litigation process. This protection, often referred to at the "litigation privilege" shields a litigator regardless of malice, bad faith, or ill will of any kind. This privilege extends all the way back to the very beginning of English jurisprudence for the purpose of protecting the advocacy system and its participants. As the Ohio Supreme Court has stated, "The most basic goal of our judicial system is to afford litigants the opportunity to freely and fully discuss all the various aspects of a case in order to assist the court in determining the truth, so that the decision it renders is both fair and just. While the imposition of an absolute privilege in judicial proceedings may prevent redress of particular scurrilous [actions] that tend to harm the reputation of the person [defamed], a contrary rule, in our view, would unduly stifle attorneys from zealously advancing the interests of their clients in possible violation of the Code of Professional Responsibility, and would clog court dockets with a multitude of lawsuits [based on actions taken] in other judicial proceedings." *Surace v. Wuliger*, 495 N.E.2d 939, 944 (Ohio 1986).

Furthermore, the fact that federal common law provides absolute immunity to the conduct of government attorneys in the performance of their advocacy functions supports the notion that the analogous litigation privilege under state law should apply both to conduct and statements. *Auriemma v. Montgomery*, 860 F.2d 273, 275-76 (7th Cir. 1988) (listing cases where attorneys were granted immunity based upon their conduct).

What Mr. Munoz would like to do, is open a case whereby opposing attorneys would be held accountable for making a viable argument. This would be wholly against public policy. Mr. Munoz has made no claim that this attorney did not act fully within the rules of professional conduct for attorneys in Wyoming. Even if he had, it would be doubtful that that conduct would be a federal case, and would more likely be a matter for the state bar. Mr Munoz instead argues that if an attorney makes an argument that he does not agree with, whether or not that argument is authorized by law, that attorney should be penalized. Mr. Munoz points to no standard, US Code, or caselaw that would allow him to sue an attorney for rightfully representing the other side in open court.

For each count Mr. Munoz does not give specific instance of how this defendant had denied him of any rights. For his cause of action, Mr. Munoz states that he was denied his rights under the

equal protection, and due process clauses, of the US and Wyoming constitution. However, he does not state how this defendant denied him of any equal protection or due process by acting as an attorney, in a case Mr. Munoz was not even a party to. Further, Mr. Muñoz has not offered any argument or evidence that he is substantially likely to succeed based off of his claims. Mr. Muñoz has also failed to plead that the injunction, if issued, would not be adverse to the public interest. Therefore, it is respectfully requested that this Court deny Mr. Muñoz's request for an injunction.

CONCLUSION

In conclusion, Mr. Munoz points to no absolute right to associate with the child of Defendant Wright. Further, he points to no absolute right to sue the attorney for Defendant Wright. Defendant Wright was entitled to legal representation. Mr. Munoz makes no allusion that an attorney practicing in his official capacity can be sued for those actions that were taken as an attorney acting within the confines of the law, and good practice. Mr. Munoz, does not even allege that Defendant Struemke violated any Rules of Profession Conduct in his representation of Defendant Wright. In short, Mr. Munoz makes no direct claim against Defendant Struemke at all.

Even accepting the facts in a light most favorable to Plaintiff, the claims against Mr. Gifford are barred as a matter of law and should be dismissed with prejudice.

Respectfully Submitted,

William K. Struemke, Wyo. Bar #7-4619
**PRO SE**
Serviam Legal Services
1302 Beck Avenue, Ste. D
Cody, WY 82414
Phone 307.250.4192
wstruemke@serviamlegal.com

## CERTIFICATE OF SERVICE

The undersigned does certify that a true and correct copy of the foregoing was correctly addressed and served in the following manner on this Sunday, June 3, 2018.

| | |
|---|---|
| Rudy P. Muñoz, *pro se*<br>P.O. Box 2224<br>938 19th Street, Lower Ave., Space 48<br>Cody, Wyoming 82414-2224 | Mail |
| Wyoming Attorney General's Office<br>Philip M. Donoho<br>2320 Capitol Avenue<br>Cheyenne, Wyoming 82002<br>307.777.7862<br>307.777.8920 Fax | Mail<br>Fax<br>Email |
| Anna Reeves Olson<br>Park Street Law Office<br>242 So. Park Street<br>Casper, Wyoming 82601<br>307.265.3843<br>307.235.0243 Fax | Mail<br>Fax<br>Email |

William K. Struemke