IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 JUL 18 AM 10: 52

STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| RUDY P. MUÑOZ,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLENE A. HAILEY-WRIGHT, Mother;<br>WILLIAM K. STRUEMKE, Attorney for Mother;<br>JOHN G. FENN, District Judge;<br>MARK W. GIFFORD, Bar Counsel;<br>STATE OF WYOMING; et al.,<br><br>Defendants. | Case No: 18-CV-13-ABJ |

## ORDER GRANTING DEFENDANT STRUEMKE'S MOTION TO DISMISS

This matter is before the Court on Defendant William K. Struemke's ("Mr. Struemke") *Motion to Dismiss* ("Motion") and *Memorandum of Law in Support of Motion to Dismiss* ("Memo"), ECF Nos. 41 and 42, respectively. Mr. Struemke filed his Motion on June 5, 2018. Plaintiff Rudy Muñoz ("Mr. Muñoz") did not file a response. Having considered the written submissions, all matters of record, and the applicable law, the Court hereby **GRANTS** Defendant Struemke's Motion (ECF No. 41).

### Background

Mr. Muñoz is the significant other of Tami Bronnenberg ("Ms. Bronnenberg"). *See* Complaint at 19, ECF No. 1. Ms. Bronnenberg is the paternal grandmother and former legal guardian of A.C.W., a minor, born in 2012. *See id.* at 1, 16, 19. Mr. Muñoz refers to himself as the "caregiving/acting (defacto) [*sic*] grandfather" of A.C.W. *Id.* at 1. In April 2015, a guardianship case regarding A.C.W. was pending in Park County. *Id.* at 19. The guardianship

case was entitled *In the Interest of A.C.W.*, PR 9246. *Id.* In the case, A.C.W.'s mother, Charlene A. Hailey-Wright, sought to re-establish custody of A.C.W. *See* Complaint, ECF No. 1 at 19; *see also* Judge Fenn Memo, ECF No. 18 at 2 and ECF No. 18-1 at 1-3. Mr. Struemke represented Ms. Hailey-Wright in the guardianship proceedings. Memo, ECF No. 42 at 1-2. Ms. Hailey-Wright was successful in obtaining custody of A.C.W. Judge Fenn Memo, ECF No. 18 at 2 and ECF No. 18-1 at 1-3.

On January 19, 2018, Mr. Muñoz, filed a 42 U.S.C. § 1983 action and 28 U.S.C. § 2254 claim[1] against all the Defendants. *See* Complaint at 1-3, ECF No. 1. Mr. Muñoz alleges that while acting under color of state law, Mr. Struemke violated his due process and equal protection rights by denying him further and future visitation rights with A.C.W. without a hearing and in the absence of adequate notice and an opportunity to be heard. *Id.* at 2-4.

Mr. Muñoz claimed in response to a previous motion to dismiss that his "relationship with A.C.W. is [his] factual private right protected by the United States Constitution, Amendment 14." Response to Fenn MTD at 2, ECF No. 24. According to Mr. Muñoz, all the Defendants have "willingly and knowingly attempted to destroy Plaintiff's, A.C.W.'s (5) five year relationship without any type of a hearing, contributed and exposed A.C.W. to endangering the welfare of a child[.]" *Id.* at 9. Mr. Muñoz seeks declaratory and injunctive relief and compensatory and punitive damages. Complaint at 8-9, ECF No. 1. Mr. Muñoz is suing Mr. Struemke in his individual and official capacity. Complaint at 8-9, ECF No. 1.

Mr. Struemke argues that he should be dismissed from the case pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), citing that Mr. Muñoz has failed to state a claim for which relief can be granted and that there is no subject matter jurisdiction. Motion at 1, ECF No. 41.

---

[1] 28 U.S.C. § 2254 claims are on behalf of a party (e.g. Mr. Muñoz) in custody, which Mr. Muñoz does not establish in his Complaint (*see generally* ECF No.1), so this claim immediately fails under FED. R. CIV. P. 12(b)(6) as Mr. Muñoz has failed to state a claim for which relief can be granted.

2

## Standard of Review

A pleading must be dismissed if it fails to plausibly state a claim for relief. FED. R. CIV. P. 12(b)(6). A court is obligated, in performing an analysis of a motion to dismiss, to liberally construe the pleadings of a pro se litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is not obligated to act as counsel or a paralegal for the pro se litigant. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). A court is "not required to fashion [a pro se plaintiff's] argument for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

In *Ashcroft v. Iqbal*, the Supreme Court articulated a two-step approach for district courts to use when considering a motion to dismiss under FED. R. CIV. P. 12(b)(6). *See* 556 U.S. 662, 679 (2009). First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id. Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint must

establish more than a mere possibility that the defendant acted unlawfully but the complaint does not need to establish that the defendant probably acted unlawfully. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## Discussion

Mr. Muñoz provides no specifics regarding how Mr. Struemke allegedly violated his constitutional rights and makes the same broad claims against each defendant. *See generally* Complaint, ECF No. 1. Mr. Struemke states that he only once stood as counsel directly adverse to Mr. Muñoz and that was during a December 2017 stalking protection order hearing Ms. Hailey-Wright initiated against Mr. Muñoz. Memo, ECF No. 42 at 1-2. The Court believes that Mr. Muñoz is convinced that Mr. Struemke violated his constitutional rights because Mr. Struemke represented A.C.W.'s mother in the guardianship proceedings and she was successful in re-establishing custody of A.C.W.

Mr. Struemke argues that Mr. Muñoz has failed to state a plausible claim for relief against him because Mr. Muñoz does not have a protected property interest in A.W.C. Memo, ECF No. 42 at 1. Mr. Struemke seeks to have the claims against him dismissed with prejudice. *Id.* Mr. Struemke asserts that he is absolutely immune from civil liability for any damages caused based on him serving as counsel for an opposing party. ECF No. 42 at 4-5. Finally, in his Answer, Mr. Struemke asserts a counterclaim against Mr. Muñoz for time spent defending himself in the case. ECF No. 40 at 1-2.

Mr. Muñoz has not filed a response to Mr. Struemke's Motion. The Complaint, even when construed liberally, does not state a claim for relief. Mr. Muñoz' claims are conclusory, and he provides no factual support as to what Mr. Struemke allegedly did wrong and how those actions

violated Mr. Muñoz' constitutional rights. Mr. Muñoz has also failed to show he has a right to a relationship with an unrelated minor child. As an attorney for Defendant Hailey-Wright in the guardianship case, Mr. Struemke owed no duty to Mr. Muñoz and is immune from suit. *See Brooks v. Zebre*, 792 P.2d 196, 200-201 (Wyo. 1990). His responsibility was to advocate for his client. *Id.*

Mr. Muñoz claims that each defendant denied him his rights to visitation with A.C.W., but it was Judge Fenn who ultimately determined Ms. Hailey-Wright was fit to care for A.C.W., set a schedule to return A.C.W. to her, and made decisions regarding hearings. *See* ECF No. 18-1. While Mr. Struemke provided advice to Ms. Hailey-Wright and served as her legal advocate, he did not "take" A.C.W. from Mr. Muñoz. Mr. Muñoz never had any guardianship rights to A.C.W. At no point has Mr. Muñoz argued that Ms. Hailey-Wright was prohibited from being represented by counsel, nor would that be a viable argument. Mr. Muñoz' argument is that Ms. Hailey-Wright is an unfit parent. *See* Complaint at 3, 5, 11, ECF No. 1. Judge Fenn determined otherwise. That did not result in Mr. Struemke violating Mr. Muñoz' constitutional rights.

As for his request for an injunction, Mr. Muñoz has not stated a claim for injunctive relief. To obtain a preliminary injunction, Mr. Muñoz must show: (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1255 (10th Cir. 2003). Mr. Muñoz has not shown any of these elements. *See generally* Complaint, ECF No. 1.

In his Answer, Mr. Struemke asserts a counterclaim against Mr. Muñoz. ECF No. 40. He states that he "expended over 2 hours in defending this action to date at $190 per hour." *Id.* Mr. Struemke requests the Court award him his costs in defending the case.

Mr. Struemke filed his Answer and Motion pro se, but he is licensed as an attorney. His request effectively seeks attorney's fees for the time he spent defending himself. Federal Rule of Civil Procedure 54(d)(1) provides for costs, other than attorney's fees, to be awarded to the prevailing party. Rule 54(d)(2) discusses attorney's fees and notes that the party must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(ii). Mr. Struemke provides no legal basis for why he should be entitled to attorney's fees. The counterclaim is denied.

## Conclusion

Mr. Muñoz cannot sue Mr. Struemke for representing Ms. Hailey-Wright in the guardianship proceedings.

The Court **FINDS** and **CONCLUDES** that Mr. Muñoz has not stated a plausible claim for relief. Furthermore, Mr. Struemke is entitled to immunity for his representation of Ms. Hailey-Wright. Mr. Struemke's *Motion to Dismiss* (Motion, ECF No. 41) is hereby **GRANTED**.

The Court **FINDS** that any amendments to the Complaint would be futile and hereby **ORDERS** that any and all claims against Mr. Struemke are **DISMISSED with PREJUDICE**.

The Court further **ORDERS** that Mr. Struemke's counterclaim (ECF No. 40) is **DENIED**.

Dated this 18th day of July, 2018.

Alan B. Johnson
United States District Judge